UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CEDRIC WILLIS** | §<br>§<br>§ |
| *Plaintiff*, | §<br>§ |
| V. | §<br>§ |
| | §    **CIVIL ACTION NO:** _____ |
| **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE, IGLOO SERIES TRUST; LOANCARE LLC; and SECURITY NATIONAL MORTGAGE COMPANY** | §<br>§<br>§<br>§<br>§ |
| *Defendants*. | §<br>§ |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant LoanCare LLC ("LoanCare") removes to this Court the State Court Action numbered DC-C202500054 and styled *Cedric Willis v. U.S. Bank National Association, as Trustee, Igloo Series Trust; LoanCare LLC; and Security National Mortgage Company* pending in the 18th Judicial District of Johnson County, Texas. As grounds for removal, LoanCare states as follows:

**I.**
**Background**

1.  On January 23, 2025, Plaintiff Cedric Willis ("Plaintiff") filed his Original Petition in the 18th Judicial District of Johnson County, Texas, bearing cause number DC-C202500054 and styled *Cedric Willis v. U.S. Bank National Association, as Trustee, Igloo Series Trust; LoanCare LLC; and Security National Mortgage Company* ("State Court Action"). Plaintiff alleges breach

of contract, violations of the Fair Housing Act, violations of the Real Estate Settlement Procedures Act, negligence, fraud, and misrepresentation. *See Exhibit D*.

2.   LoanCare was served with the lawsuit on January 29, 2025. *Exhibit D*. This Notice of Removal is timely filed within 30 days of service. 28 U.S.C. § 1446(b).

3.   The 18th Judicial District of Johnson County, Texas, is located within the Northern District of Texas, Dallas Division. Venue is proper under 28 U.S.C. § 84(a) because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4.   No previous application has been made for the relief requested herein.

5.   In accordance with 28 U.S.C. § 1446(d), LoanCare will promptly provide written notice of removal of the State Court Action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of Court for Johnson County, Texas.

## II
## Jurisdiction

6.   This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs allege a violation of a federal statute and a claim for relief arising thereunder. *See Renegade Swish, L.L.C. v. Wright*, 857 F.3D 692, 695 (5th Cir. 2017).

7.   Specifically, Plaintiff's Original Petition alleges LoanCare violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § **2605**, by failing to disclose loan servicing transfers and misapplying loan payments.

8.   Federal courts have federal question subject matter jurisdiction over RESPA claims. *See Good v. Prof-2013-S3 Legal title Trust IV*, No. 3:17-cv-2967-M-BN, 2018 U.S. Dist. LEXIS 18298 *5 (N.D. Tex. January 8, 2018) (holding that the face of the plaintiff's petition stated a claim under RESPA which implicated federal law). "The question is whether the complaint alleges a claim under RESPA, not whether the claim has merit." *Id*. "Whether the district court has

jurisdiction can be determined from the face of the plaintiff's complaint, without the requirement of evidence or a merits inquiry." *Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir. 2002). Further, RESPA itself provides that "[a]ny action pursuant to the provisions of **section 2605** … may be brought in the United States district court or in any other court of competent jurisdiction." 12 U.S.C. § 2614.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because they are so related to Plaintiff's RESPA claim that the claims form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367; *see also Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010). Pursuant to controlling Fifth Circuit law, "Section 1367 allows federal courts to hear state claims that travel with federal claims in the same lawsuit[]" and "grants supplemental jurisdiction over claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy.'" *Halmekangas*, 603 F.3d at 293. "The question under section 1367(a) is whether the supplemental claims are so related to the original claims . . . that they "derive from a common nucleus of operative fact." *Id*. Here, Plaintiff's claims under Texas state law and RESPA are based on the same set of facts, i.e., the servicing of Plaintiff's loan. Accordingly, the Court may properly exercise supplemental jurisdiction over Plaintiff's state law claims.

## III.
## Venue

10. The Northern District of Texas, Dallas Division is the proper venue in which to remove the State Court Action. This action was pending in the 18th Judicial District Court of Johnson County, Texas, which is embraced by the Northern District of Texas, Dallas Division.

## IV.
## Exhibits

11. Pursuant to 28 U.S.C. § 1446 and Northern District of Texas Local Rule 81.1, LoanCare includes the following exhibits as if fully set forth herein:

| | | |
|---|---|---|
| **Exhibit A** | Civil Cover Sheet; |
| **Exhibit B** | Supplemental Civil Cover Sheet; |
| **Exhibit C** | Index of Documents; |
| **Exhibit D** | Pleadings; |
| **Exhibit E** | Certificate of Interested Parties; and |
| **Exhibit F** | Consent to Removal by U.S. Bank National Association, as Trustee for LB-Treehouse Series VI Trust, designated by Plaintiff herein as U.S. Bank National Association, as Trustee, Igloo Series VI Trust, and Security National Mortgage Company. |

## V.
## Consent

12. U.S. Bank National Association, as Trustee for LB-Treehouse Series VI Trust, designated by Plaintiff herein as U.S. Bank National Association, as Trustee, Igloo Series VI Trust, consents to the removal of this cause of action, from the 18th Judicial District Court of Johnson County, Texas, to the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1441(a). *See Exhibit F*.

13. Security National Mortgage Company consents to the removal of this cause of action, from the 18th Judicial District Court of Johnson County, Texas, to the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1441(a). *See Exhibit F*.

# VI.
# Conclusion

14. Removal of this cause of action under 28 U.S.C. § 1441(a) is proper because the district courts of the United States have original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and the requirements under 28 U.S.C. § 1446 have been met.

WHEREFORE, PREMISES CONSIDERED, Defendant LoanCare LLC prays that the State Court Action be removed and placed on this Court's docket for further proceedings as though it had originated in this Court. LoanCare further requests any additional relief to which it may be justly entitled.

Respectfully submitted,

**DINSMORE & SHOHL LLP**

 /s/     David Talbot
David Talbot
*Attorney-In-Charge*
Texas State Bar No. 24037580
Federal Bar No. 34351
JPMorgan Chase Tower
600 Travis Street, Suite 7350
Houston, Texas  77002
Telephone:  (346) 293-7854
David.Talbot@dinsmore.com

**ATTORNEY FOR DEFENDANT LOANCARE LLC**

## CERTIFICATE OF SERVICE

I certify that the instrument to which this Certificate of Service is attached, together with any exhibits or attachments to that instrument, has been filed with, and is to be served by and through, the PACER – CM/ECF system, on February 28, 2025.

                                        */s/ David Talbot*
                                        DAVID TALBOT