IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEDRIC WILLIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:25-cv-516-G-BN |
| § | |
| U.S. BANK NATIONAL ASSOCIATION, § | |
| AS TRUSTEE, IGLOO SERIES TRUST; § | |
| LOANCARE LLC; and SECURITY § | |
| NATIONAL MORTGAGE COMPANY, § | |
| INC., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cedric Willis filed this lawsuit *pro se* in a state court in Johnson County, Texas, and, after all three defendants answered in state court, Defendant LoanCare LLC, with the consent of the other defendants, removed Willis's case under the Court's federal-question subject matter jurisdiction on February 28, 2025. *See* Dkt. No. 1. And Senior United States District Judge A. Joe Fish referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On March 4, 2025, Willis moved to remand because he claims that (1) not all defendants consented to removal; (2) Defendant Security National Mortgage Company ("SNMC") has not answered or appeared in this matter; (3) his claims do not warrant federal jurisdiction; and (4) supplemental jurisdiction does not apply. *See* Dkt. No. 8. And, on March 7, the undersigned recommended that the Court deny the

motion. *See* Dkt. No. 12.

Willis now again moves to remand, this time arguing that, at least as to SNMC, "[a]t the time of removal to federal court, the state court has already determined liability" by "grant[ing Willis's motion for] default judgment against SNMC," so the Court should "remand the default judgment proceedings against SNMC" to allow Willis to "finalize damages in the original state court action." Dkt. No. 15 at 1.

In support, Willis attaches to the second motion to remand what he purports to be a state court order entered on March 5, 2025. *See* Dkt. No. 15-1. This exhibit appears to be an executed proposed order as to a request by Willis for default judgment against SNMC, but the judge has crossed out all the relief proposed by Willis and just signed the order without granting any relief. *See id.* So Willis has not shown that he was granted a default judgment against SNMC in state court.

But, even if he had, that alone would not be a basis to remand. "A case removed from state court simply comes into the federal system in the same condition in which it left the state system." *Matter of Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters, Etc.*, 415 U.S. 423, 435-36 (1974)). Consistent with that, the United States Court of Appeals for the Fifth Circuit

> has explained that "[a] state court judgment in a case properly removed to federal court ... can be vacated under Federal Rule of Civil Procedure 60(b)." *FDIC v. Yancey Camp Development*, 889 F.2d 647, 648 (5th Cir. 1989) (removal following default judgment and subsequent appeal). *See also Murray v. Ford Motor Co.*, 770 F.2d 461 (5th Cir. 1985) ("When the case was removed to federal court, the default judgment stood as if it had been issued in the federal court.").

*Brown & Root Indus. Servs., LLC v. Nelson*, Civ. A. No. 17-361-BAJ-EWD, 2017 WL 7693163, at *7 (M.D. La. Oct. 31, 2017), *rec. adopted in applicable part*, 2017 WL

5957100 (M.D. La. Dec. 1, 2017). As such, "the weight of authority establishes that a defendant has the ability to remove a case to federal court where an entry of default or default judgment has previously been entered in state court." *Id.* (cleaned up).

## Recommendation

The Court should deny Plaintiff Cedric Willis's motion to remand [Dkt. No. 15].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 23, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE