IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDRIC WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-516-BN |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| AS TRUSTEE, IGLOO SERIES TRUST; | § | |
| LOANCARE LLC; and SECURITY | § | |
| NATIONAL MORTGAGE COMPANY, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTIONS TO REMAND**

Plaintiff Cedric Willis filed this lawsuit *pro se* in a state court in Johnson County, Texas, and, after all three defendants answered in state court, Defendant LoanCare LLC, with the consent of the other defendants, removed Willis's case under the Court's federal-question subject matter jurisdiction on February 28, 2025. *See* Dkt. No. 1.

Willis has since filed two motions to remand.

Though the first, filed March 4, Willis moves to remand because he claims that (1) not all defendants consented to removal; (2) Defendant Security National Mortgage Company ("SNMC") has not answered or appeared in this matter; (3) his claims do not warrant federal jurisdiction; and (4) supplemental jurisdiction does not apply. *See* Dkt. No. 8.

Willis asserts in the second motion to remand (filed March 17) that, at least as

to SNMC, "[a]t the time of removal to federal court, the state court has already determined liability" by "grant[ing Willis's motion for] default judgment against SNMC," so the Court should "remand the default judgment proceedings against SNMC" to allow Willis to "finalize damages in the original state court action." Dkt. No. 15 at 1.

Findings of fact and conclusions of law recommending that both motions be denied were entered on March 7 [Dkt. No. 12] and on March 24 [Dkt. No. 22] (the "FCRs").

After entry of the FCRs, all parties consented in writing to the undersigned United States magistrate judge, *see* Dkt. No. 17 at 4 & Dkt. No. 24, ¶ 10, and, on April 3, Senior United States District Judge A. Joe Fish ordered this lawsuit transferred to the undersigned for all further purposes under 28 U.S.C. § 636(c), *see* Dkt. No. 25.

The Court therefore WITHDRAWS the FCRs and, for the following reasons, DENIES the motions to remand.

**Legal Standards**

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

But the federal courts' jurisdiction is limited, so they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

And, for removals that are defective based on violations of the removal

statute's provisions and limitations – that is, where "removal was improper, [but] the exercise of subject matter jurisdiction was not," *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 n.6 (5th Cir. 2013) – "[a] motion to remand … must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)," 28 U.S.C. § 1447(c).

But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

## Analysis

As to the first motion to remand, the Court starts with the procedural defects that Willis timely asserts.

"To effectuate proper removal, 'all defendants who have been properly joined and served must join in or consent to the removal of the action.'" *Bailey v. Blue Cross & Blue Shield of Tex.*, 504 F. Supp. 3d 591, 594 (S.D. Tex. 2020) (quoting 28 U.S.C. § 1446(b)(2)(A)). "This is referred to as the 'rule of unanimity' and requires 'that all defendants to an action either sign the original [notice of] removal or timely file written consent to the removal ... within thirty days of services of the state-court petition.'" *Id.* (quoting *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015)).

"The defendants who remove the case 'bear the burden of establishing compliance with the rule of unanimity.'" *Id.* (quoting *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015)).

And, contrary to Willis's assertions, all three defendants answered in state court, *see* Dkt. No. 1-4 at 18-26, and thus appeared in this case prior to removal, and

SNMC and Defendant U.S. Bank National Association, as Trustee for LB-Treehouse
Series VI Trust, consented to removal, *see* Dkt. No. 1-6 (their consents that LoanCare
filed with the state-court record).

Turning to Willis's jurisdictional challenges, this case was removed based on
the existence of a federal question. *See* Dkt. No. 1 at 2-3.

Subject matter jurisdiction under Section 1331 typically "exists when 'a well-
pleaded complaint establishes either that federal law creates the cause of action or
that the plaintiff's right to relief necessarily depends on resolution of a substantial
question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009)
(quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28
(1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal
question exists 'if there appears on the face of the complaint some substantial,
disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch.
Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

And "it is well settled that where a complaint fails to cite the statute conferring
jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the
complaint satisfy the jurisdictional requirements of the statute." *Hildebrand v.
Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980) (collecting cases); *cf. Johnson v.
City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) ("Having informed [a
defendant] of the factual basis for their complaint, [a plaintiff is] required to do no
more to stave off threshold dismissal for want of an adequate statement of their
claim," so a plaintiff need not "set out a legal theory for the plaintiff's claim for relief."

(cleaned up)).

And, so, "when a federal claim appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision." *Copeland v. E\*Trade Cap. Mgmt., L.L.C.*, No. 24-10658, 2025 WL 66732, at \*2 (5th Cir. Jan. 10, 2025) (per curiam) (cleaned up; quoting *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977))).

As explained in the notice of removal, *see* Dkt. No. 1 at 2-3, the petition that Willis filed in state court (currently the operative complaint in federal court) [Dkt. No. 1-4 at 10-17] asserts more than an insubstantial violation of federal law (the Fair Housing Act and the Real Estate Settlement Procedures Act) and thus supports the Court's jurisdiction over this action under Section 1331. *See Farooq v. Nucor Bus. Tech., Inc.*, No. 3:24-cv-920-N-BN, 2024 WL 2805928, at \*2 (N.D. Tex. Apr. 25, 2024) ("[A] plaintiff's citing a federal statute and alleging facts to support a violation of that statute is enough to carry a removing defendant's burden to show a foundation for a nonfrivolous and not insubstantial violation of federal law." (citing *Chapman v. ADT LLC*, No. 3:22-cv-2188-D-BN, 2023 WL 6299861, at \*2 (N.D. Tex. Aug. 25, 2023) ("Chapman expressed at the outset of her state court petition that this is an action at law and in equity to redress violations of Title VII of the Civil Rights Act of 1964, and then alleged facts to show how Title VII applies to her claims. And, by including factual allegations that imply the applicability of the federal statute cited in the state

court petition, Chapman alleged more than the existence of a frivolous or insubstantial federal question, and thereby alleged a basis for jurisdiction under Section 1331." (cleaned up)), *rec. adopted*, 2023 WL 6300577 (N.D. Tex. Sept. 27, 2023))), *rec. accepted*, 2024 WL 2804933 (N.D. Tex. May 31, 2024).

Accordingly, the Court has supplemental jurisdiction over Willis's related state law claims. *See* 28 U.S.C. § 1367(a); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) ("The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.' Here, both the federal and state claims on the face of the pleadings concern the same core factual issue[. And, so, t]he claims are sufficiently related for purposes of section 1367(a)." (citation omitted)).

Still, Willis remains free to amend his complaint to eliminate the federal causes of action, on which the Court's subject matter jurisdiction is based. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 43-44 (2025); *see, e.g., Joel v. Howard Univ.*, Civ. A. No. 24-1655 (LLA), 2025 WL 358769, at *2 (D.D.C. Jan. 31, 2025) ("As the [United States] Supreme Court recently explained, after amendment, '[t]he amended complaint becomes the operative one; and in taking the place of what has come before, it can either create or destroy [federal] jurisdiction.' Here, Ms. Joel has abandoned her claims arising under federal law, which were the basis for Howard University's removal to this court. 'Her deletion of all federal claims deprived [this court] of federal-question jurisdiction. And once that was gone, the court's

supplemental jurisdiction over the state claims dissolved too.' Accordingly, the court

must remand this case to the Superior Court." (quoting *Royal Canin*, 604 U.S. at 35,

44)).

Turning to the second motion to remand, Willis supports this motion with what

he purports to be a state court order entered on March 5, 2025. *See* Dkt. No. 15-1.

This exhibit appears to be an executed proposed order as to a request by Willis

for default judgment against SNMC, but the judge crossed out all the relief proposed

by Willis and just signed the order without granting any relief. *See id.*

So Willis has not shown that he was granted a default judgment against SNMC

in state court.

But, even if he had made this showing, that alone would not be a basis to

remand.

"A case removed from state court simply comes into the federal system in the

same condition in which it left the state system." *Matter of Meyerland Co.*, 960 F.2d

512, 520 (5th Cir. 1992) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters, Etc.*,

415 U.S. 423, 435-36 (1974)).

And, so, the United States Court of Appeals for the Fifth Circuit

> has explained that "[a] state court judgment in a case properly removed
> to federal court ... can be vacated under Federal Rule of Civil Procedure
> 60(b)." *FDIC v. Yancey Camp Development*, 889 F.2d 647, 648 (5th Cir.
> 1989) (removal following default judgment and subsequent appeal). *See
> also Murray v. Ford Motor Co.*, 770 F.2d 461 (5th Cir. 1985) ("When the
> case was removed to federal court, the default judgment stood as if it
> had been issued in the federal court.").

*Brown & Root Indus. Servs., LLC v. Nelson*, Civ. A. No. 17-361-BAJ-EWD, 2017 WL

7693163, at *7 (M.D. La. Oct. 31, 2017), *rec. adopted in applicable part*, 2017 WL

5957100 (M.D. La. Dec. 1, 2017).

As such, "the weight of authority establishes that a defendant has the ability to remove a case to federal court where an entry of default or default judgment has previously been entered in state court." *Id.* (cleaned up).

## Conclusion

The Court DENIES the motions to remand [Dkt. Nos. 8 & 15] for the reasons set out above and therefore WITHDRAWS as now unnecessary the findings of fact, conclusions of law, and recommendations entered on March 7, 2025 [Dkt. No. 12] and March 24, 2025 [Dkt. No. 22].

SO ORDERED.

DATED: April 7, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE