IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CEDRIC WILLIS** | § | |
| **612 GRIFFITH PARK TRL** | § | |
| **ALVARADO TX** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **No. 3:25-cv-516-G-BN** |
| | § | |
| | § | |
| **U.S. BANK TRUST NATIONAL** | § | |
| **ASSOCIATION, AS TRUSTEE** | § | |
| **IGLOO SERIES VI TRUST,** | § | |
| **LOANCARE, LLC,** | § | |
| **SECURITY NATIONAL MORTGAGE** | § | |
| **COMPANY,** | | |
| *Defendants.* | | |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Cedric Willis, pro se, and files this Motion for Temporary Restraining Order and/or Preliminary Injunction in the above-captioned case. This motion is based on recent developments that directly relate to the claims currently pending before this Court and seeks emergency relief to prevent foreclosure of Plaintiff's primary residence.

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Plaintiff, Cedric Willis, hereby respectfully moves this Honorable Court to issue a Temporary Restraining Order and, after a hearing, a Preliminary Injunction, enjoining Defendants and their agents from conducting any foreclosure sale of Plaintiff's homestead located at 612 Griffith Park Trail, Alvarado, TX 76009, pending resolution of this case.

Plaintiff will rely on the pleadings, the affidavit(s) filed herewith, and such arguments and evidence as may be presented at a hearing to be scheduled by the Court.

## I. INTRODUCTION & REQUEST FOR EMERGENCY RELIEF

1. Plaintiff seeks a temporary restraining order and/or preliminary injunction to prevent Defendants, their agents, assigns, or representatives, from conducting a foreclosure sale or otherwise enforcing the Deed of Trust on Plaintiff's homestead property located at 612 Griffith Park Trail, Alvarado, Texas 76009, during the pendency of this lawsuit.

2. On April 8, 2025, Plaintiff received a notice of default and intent to accelerate from SN Servicing Corporation, acting as mortgage servicer for U.S. Bank Trust National Association as Trustee for LB-Treehouse Series VI Trust, demanding payment of $48,765.71 by May 13, 2025, or risk foreclosure. (See Exhibit A).

3. This action directly threatens Plaintiff's homestead while this Court is actively considering claims regarding improper servicing, misapplication of payments, fraudulent loan modifications, and violation of statutory protections.

## II. LEGAL STANDARD

4. To obtain a temporary restraining order or preliminary injunction, the plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of harms favors the plaintiff; and (4) an injunction serves the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

## III. ARGUMENTS & AUTHORITIES

A. Substantial Likelihood of Success on the Merits

5. Plaintiff has presented compelling claims for breach of contract, misapplication of funds under RESPA, fraudulent loan classification, and improper denial of HAF assistance, among others.

6. The Defendants failed to apply over $32,000 in HAF funds properly and misrepresented the loan type as conventional rather than FHA, directly harming Plaintiff's ability to modify or defer payments.

## B. Substantial Threat of Irreparable Harm

7. Plaintiff faces the imminent and irreversible loss of his homestead. The foreclosure would cause permanent harm to his housing stability, emotional well-being, and access to legal relief.

8. Courts routinely find irreparable harm where foreclosure would deprive a homeowner of their principal residence. See *Pruitt v. Deutsche Bank Nat'l Tr. Co.*, 2013 WL 789972 (N.D. Tex. Mar. 4, 2013).

## C. Balance of Harms Favors Plaintiff

9. Any delay in foreclosure proceedings would not significantly harm Defendants, who can be made whole through eventual judgment or sale if they prevail.

10. In contrast, Plaintiff risks losing irreplaceable property and will suffer extreme hardship if injunctive relief is not granted.

## D. Public Interest Favors an Injunction

11. Preventing wrongful foreclosure and ensuring that mortgage servicers comply with federal and state law serves the public interest.

12. The public has a strong interest in ensuring homeowners receive due process and accurate treatment of federally backed loans, particularly involving pandemic-related aid.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court:

1. Issue a Temporary Restraining Order preventing Defendants from taking any action to foreclose on the property located at 612 Griffith Park Trail, Alvarado, Texas 76009;

2. Set this matter for a hearing on a Preliminary Injunction;

3. After notice and hearing, grant a Preliminary Injunction pending final resolution of this case;

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Cedric Willis
Cedric Willis, Pro Se
612 Griffith Park Trail
Alvarado, TX 76009
(817) 504-6141
Cedricwillis49@yahoo.com

CERTIFICATE OF SERVICE

I, Cedric Willis, hereby certify that on this 12th day of April, 2025, I served a true and correct copy of the Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction, along with any attachments, via certified mail to the following parties:

1. U.S. Bank Trust National Association, as Trustee of LB-Igloo Series VI Trust
   7114 E. Stetson Dr., Ste 250
   Scottsdale, AZ 85251

2. LoanCare, LLC
   1999 Bryan St., Ste 900
   Dallas, TX 75201-3616

3. Security National Mortgage Company
   Corporation Service Company dba

211 E. 7th St., Suite 620

Austin, TX 78701-3218

I further certify that the above-listed parties were properly notified in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Cedric Willis
Cedric Willis, Pro Se
612 Griffith Park Trail
Alvarado, TX 76009
(817) 504-6141
Cedricwillis49@yahoo.com