IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CEDRIC WILLIS** § <br> **612 GRIFFITH PARK TRL** § <br> **ALVARADO TX** § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> § <br> **U.S. BANK TRUST NATIONAL** § <br> **ASSOCIATION, AS TRUSTEE** § <br> **IGLOO SERIES VI TRUST,** § <br> **LOANCARE, LLC,** § <br> **SECURITY NATIONAL MORTGAGE** § <br> **COMPANY,** <br> *Defendants.* | No. 3:25-cv-516-G-BN |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Cedric Willis, and respectfully submits this Reply in Support of his Motion for Temporary Restraining Order and Preliminary Injunction, and states as follows:

### I. DEFENDANTS' EVIDENCE CONFIRMS PLAINTIFF'S ALLEGATIONS

1. Defendants deny involvement in the origination or servicing of Plaintiff's loan. However, documents submitted by Defendants affirmatively establish their direct involvement. Specifically, correspondence from SN Servicing Corporation dated December 18 and December 26, 2024, explicitly states that SN Servicing was acting on behalf of U.S. Bank Trust National Association, as Trustee for the LB-Treehouse Series VI Trust.

2. Plaintiff received formal notice from SN Servicing regarding a loan modification review conducted under U.S. Bank's authority. Plaintiff submitted a complete application and was entered into a Trial Payment Plan which clearly identifies:

1

- - Loan Number: 0000345498
  - Principal Balance (UPB): $332,431.59
  - New Monthly Payment: $2,785.25 (comprised of $1,829.08 P&I and $956.17 T&I)
  - Effective Trial Period Start Date: February 1, 2025

3. This proposed payment amount is nearly double the original mortgage payment of $1,470.82, which was based on a 4.25% fixed interest rate.
4. The original loan, in the amount of $298,984.00, is explicitly identified in the Deed of Trust as an FHA-insured mortgage. The original documents include both an FHA case number and loan number on their face—information which has been redacted from Defendants' exhibits.
5. These redactions appear to be intentional and serve to conceal crucial information verifying that the loan is federally insured and subject to HUD servicing regulations, including 24 C.F.R. § 203.604. Courts have criticized similar conduct. See *Matter of Lothian Oil Inc.*, 531 F. App'x 428, 436 (5th Cir. 2013).
6. When considered in full context, including Defendants' own filings, the evidence supports the allegations made by Plaintiff and establishes that Defendants' denials lack credibility.

## II. PLAINTIFF MEETS ALL REQUIREMENTS FOR INJUNCTIVE RELIEF

### A. Substantial Likelihood of Success on the Merits

7. Plaintiff has shown a breach of contract, improper servicing practices, and violations of applicable federal regulations. These claims are backed by payment histories, correspondence, and HUD/FHA guidelines. See *Wells Fargo Bank, N.A. v. Sanchez*, 2015 WL 6879267 (S.D. Tex. 2015).
8. Defendants' exhibits contradict their claims of non-involvement and show that they maintain ownership and control over the loan through SN Servicing.

### B. Irreparable Harm

9. Plaintiff is facing imminent foreclosure following the issuance of a Notice of Default and Intent to Accelerate. Although Defendants assert Plaintiff is in a Trial Payment Plan, Plaintiff never accepted the proposed terms, which significantly deviated from the original agreement.
10. Specifically, the proposed modification increased the monthly payment from $1,470.82 to $2,785.25, and raised the interest rate from 4.25% to approximately 6%. These terms were materially adverse and never agreed to by Plaintiff.
11. The threatened foreclosure, along with credit damage and potential loss of Plaintiff's home, constitute irreparable harm that monetary damages cannot redress. See *Pruitt v. JP Morgan Chase Bank, N.A.*, 2021 WL 1047208 (S.D. Tex. 2021); *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## C. Balance of Equities

12. A temporary injunction would not prejudice Defendants but would protect Plaintiff from severe and irreversible harm. The balance of hardships strongly favors Plaintiff.

## D. Public Interest

13. The public has a strong interest in ensuring compliance with federal housing laws and preventing wrongful foreclosures—especially where Defendants seek to avoid accountability through document redactions and misrepresentations.

## III. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court:

1. GRANT Plaintiff's Motion for Temporary Restraining Order;
2. SET a hearing on Plaintiff's Motion for Preliminary Injunction;
3. ORDER Defendants to produce complete, unredacted loan documents;
4. RECOGNIZE Defendants' redactions and inconsistent statements as evidence of bad faith;

5. AWARD any other relief to which Plaintiff may be justly entitled in law or equity.

Respectfully submitted,
/s/ Cedric Willis
**Cedric Willis, Pro Se**
612 Griffith Park Trail
Alvarado, TX 76009
Email: cedricwillis49@yahoo.com
Phone: (817) 504-6141

## CERTIFICATE OF SERVICE

I certify that on April 22, 2025, a true and correct copy of the foregoing Plaintiff's Reply in Support of Motion for Temporary Restraining Order and/or Preliminary Injunction was served upon all counsel of record and interested parties via CM/ECF, email, and/or First Class U.S. Mail, as follows:

**Via CM/ECF and Email:**
Clare V. Cougill and Scott Lloyd Luna
Robertson, Anschutz, Vetters, LLC
10375 Richmond Avenue, Suite 200
Houston, TX 77042
Email: litigation@revdocs.com

David Talbot
Dinsmore & Shohl, LLP
600 Travis Street, Suite 350
Houston, TX 77002
Email: David.Talbot@dinsmore.com

**Via First Class Mail:**
George C. Scherer
GHIDOTTI | BERGER LLP
16801 Addison Road, Suite 350
Addison, TX 75001

**Via Email and First Class Mail:**
Cedric Willis
612 Griffith Park Trail
Alvarado, TX 76009
Email: cedricwillis49@yahoo.com

4

Respectfully submitted,
/s/ Cedric Willis
Cedric Willis, Pro Se
Date: April 22, 2025