IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEDRIC WILLIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:25-cv-516-BN |
| § | |
| U.S. BANK NATIONAL ASSOCIATION, § | |
| AS TRUSTEE, IGLOO SERIES TRUST; § | |
| LOANCARE LLC; and SECURITY § | |
| NATIONAL MORTGAGE COMPANY, § | |
| INC., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER DENYING
PRELIMINARY INJUNTIVE RELIEF**

In this lawsuit now proceeding before the undersigned United States magistrate judge for all purposes under 28 U.S.C. § 636(c), *see* Dkt. No. 25, *pro se* Plaintiff Cedric Willis's allegedly received a notice of default and intent to accelerate on April 8, 2025 and moved for a temporary restraining order ("TRO") and/or preliminary injunction on April 11, 2025, requesting that the Court prevent a foreclosure sale of his home during the pendency of this litigation. *See* Dkt. No. 30. The parties briefed the motion. *See* Dkt. Nos. 31, 35, & 36. And the Court DENIES Willis's request for a TRO or preliminary injunction for the following reasons.

**Discussion**

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-

665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

And, so, to obtain preliminary injunctive relief, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

"The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth.*, 489 F.2d at 576 (cleaned up).

So the decision on a motion seeking a TRO or preliminary injunction does "not amount to a ruling on the merits" of a plaintiff's claims, *Jonibach Mgmt. Trust v.*

*Wartburg Enters., Inc.*, 750 F.3d 486, 491 (5th Cir. 2014), considering that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits" and "may be challenged at a later stage of the proceedings," *id.* (cleaned up).

In short, a TRO or preliminary injunction is not a device "to give a plaintiff the ultimate relief he seeks" through his claims. *Peters v. Davis*, No. 6:17CV595, 2018 WL 11463602, at 2 (E.D. Tex. Mar. 28, 2018); *accord Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("This Court has repeatedly recognized that the purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."); *Kane v. De Blasio*, 19 F.4th 152, 163 (2d Cir. 2021) ("The purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by preventing during the pendency of the suit the occurrence of that irreparable sort of harm which the movant fears will occur." (cleaned up)). And, so, a motion or application for a TRO or preliminary injunction is properly denied when it is no more than a "motion to win."

But Willis's motion is not a "motion to win" to the extent that the petition filed in state court (and still the operative complaint) seeks only monetary relief based on claims for defendants' alleged breach of contract, negligence, fraud, and misrepresentation, and their alleged violation of the Fair Housing Act and RESPA. *See* Dkt. No. 1-4 at 10-17.

First, Willis's complaint, his response to the pending motion to dismiss, and his briefing as to the motion for preliminary injunctive relief all fail to show a

substantial likelihood that he will prevail on the merits of those claims.

And his assertions otherwise are conclusory and lack the factual development necessary to determine whether the claims alleged are even plausible under the pleading standards, much less that those allegations unequivocally demonstrate a substantial likelihood that he will prevail on the merits.

And, because Willis has not amended his complaint to add a claim to prevent a foreclosure, there is a disconnect between the claims that Willis makes in this lawsuit and the preliminary injunctive relief that he now seeks. *Cf. Marable v. Dep't of Commerce*, No. 3:18-cv-3291-N-BN, 2019 WL 7049993, at *2 (N.D. Tex. Nov. 19, 2019) ("[T]here can be no substantial likelihood that a plaintiff will prevail on the merits of assertions he has not pled.") (citations omitted)), *rec. accepted*, 2019 WL 7049703 (N.D. Tex. Dec. 20, 2019); *Wylie v. Mont. Women's Prison*, No. CV 13-53-BLG-SEH, 2014 WL 6685983, at *2 (D. Mont. Nov. 25, 2014) ("Wylie has not demonstrated a likelihood of success on the merits of her claims," where the motion for a preliminary injunction "actually seeks relief unrelated to the pending claims.").

Regardless, as it stands now, Willis's lawsuit seeks only monetary damages. And, where the movant's "only alleged harm can be obviated by monetary relief, it does not constitute the 'irreparable' injury necessary to obtain the extraordinary relief of a preliminary injunction." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 275, 280 (5th Cir. 2012) (footnote omitted).

And, even if Willis's claimed damages require more than money to "fully repair the harm," for there to be irreparable harm, "the injury [must be] imminent."

*Lockheed Martin Corp. v. Howmet Aerospace Inc.*, No. 4:23-cv-1204-O, 2023 WL 9503470, at *2 (N.D. Tex. Dec. 29, 2023) (quoting *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390, 1394 (5th Cir. 1986)).

But there has been no showing that there is an imminent threat of foreclosure. No foreclosure sale is scheduled. Instead, all that has happened so far based on the parties' filings is that Willis received a notice of default and intent to accelerate, but he also likely received a notice of his right to cure. *Juarez v. Wells Fargo Bank, N.A.*, SA-19-CV-01081-XR, 2020 WL 5709258, *5 (W.D. Tex. Sept. 23, 2020) ("In Texas, proper acceleration of a note requires a lender to make demand for payment, give the debtor an opportunity to cure the default, give clear and unequivocal notice of the intent to accelerate, and, in the event that there is no timely cure, give clear and unequivocal notice that it has, in fact, accelerated the debt." (cleaned up)). So that Willis's home will be subjected to a foreclosure sale is not a foregone conclusion. *Cf. Martin-Mercado v. Wells Fargo Bank, N.A.*, No. 4:23-cv-743-SDJ-KPJ, 2023 WL 7105702, at *2 (E.D. Tex. Sept. 1, 2023) (canceling a scheduled foreclosure sale moots a TRO), *rec. adopted*, 2024 WL 3848528 (E.D. Tex. Aug. 16, 2024).

## Conclusion

The Court DENIES Plaintiff Cedric Willis's amended motion for a temporary restraining order and/or preliminary injunction [Dkt. No. 30].

SO ORDERED.

DATED: April 25, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE