IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDRIC WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-516-BN |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| AS TRUSTEE, IGLOO SERIES TRUST; | § | |
| LOANCARE LLC; and SECURITY | § | |
| NATIONAL MORTGAGE COMPANY, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

**ORDER AND NOTICE OF DEFICIENCY**

The Court's review of Plaintiff Cedric Willis's briefing in this lawsuit reveals the possible use of Generative Artificial Intelligence to the extent that a considerable number of the cases that Willis has cited to the Court appear made up. That is, more than a few times, when the Court has attempted to review authority cited by Willis – to confirm that it stands for the proposition that Willis cites it for – the Court has been unable to locate that authority. *See, e.g.*, Dkt. No. 30 at 3 (citing "*Pruitt v. Deutsche Bank Nat'l Tr. Co.*, 2013 WL 789972 (N.D. Tex. Mar. 4, 2013)"); Dkt. No. 36 at 2 (citing "*Wells Fargo Bank, N.A. v. Sanchez*, 2015 WL 6879267 (S.D. Tex. 2015)").

As to the disclosure of the use of Generative Artificial Intelligence, the Court's local civil rules provide:

> 1. A brief prepared using generative artificial intelligence must disclose this fact on the first page under the heading "Use of Generative Artificial Intelligence." If the presiding judge so directs, the party filing the brief must disclose the specific parts prepared using generative artificial intelligence.

2. "Generative Artificial Intelligence" means a computer tool (whether referred to as "Generative Artificial Intelligence" or by another name) that is capable of generating new content (such as images and text) in response to a submitted prompt (such as a query) by learning from a large reference database of examples.
3. A party who files a brief that does not contain the disclosure required by subsection (f)(1) of this rule certifies that no part of the brief was prepared using generative artificial intelligence.

N.D. TEX. L. CIV. R. 7.2(f).

As the Court has explained, it expects that all litigants, even those proceeding *pro se*, will know and follow the local rules. *See* Dkt. No. 27, ¶ 1. And as the Court has notified the parties, a violation of the local rules subjects a lawsuit to dismissal under Federal Rule of Civil Procedure 41(b):

> While the text of Rule 41(b) may not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute, *see Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992)), the Court specifically ORDERS the parties to abide by the Court's local rules insofar as a provision of those rules is not modified by this order or another order of the Court in this case. So, as applicable, a failure to comply with the Court's local rules will also violate this order and subject the violation of the local rules to Rule 41(b).

*Id.* And, so, to the extent that any party uses Generative Artificial Intelligence going forward, the Court expects that such use will be disclosed as required by the local rules. Failure to do will may result in sanctions that could include the dismissal of this lawsuit.

SO ORDERED.

DATED: April 25, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 2 -