IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CEDRIC WILLIS** § | | |
| **612 GRIFFITH PARK TRL** § | | |
| **ALVARADO TX** § | | |
| *Plaintiffs,* § | | |
| § | | |
| v. § | No. 3:25-cv-516-G-BN | |
| § | | |
| § | | |
| **U.S. BANK TRUST NATIONAL** § | | |
| **ASSOCIATION, AS TRUSTEE** § | | |
| **IGLOO SERIES VI TRUST,** § | | |
| **LOANCARE, LLC,** § | | |
| **SECURITY NATIONAL MORTGAGE** § | | |
| **COMPANY,** | | |
| *Defendants.* | | |

**PLAINTIFF'S CONSOLIDATED MOTION TO ADDRESS JUDICIAL MISCONDUCT, DEMAND FOR CLARIFICATION, MOTION TO RECONSIDER TRO DENIAL, RESPONSE TO ORDER OF DEFICIENCY, AND OBJECTION TO BIAS**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Cedric Willis, Pro Se, and respectfully submits this consolidated motion in response to this Court's Memorandum Opinion and Order Denying Preliminary Injunctive Relief [Dkt. No. 38] and Order and Notice of Deficiency [Dkt. No. 39]. Plaintiff seeks reconsideration of the denial of his Temporary Restraining Order (TRO), demands clarification and specificity regarding the Court's accusations of fictitious citations, objects to the apparent judicial misconduct, bias, and mischaracterization of the Plaintiff's evidence, and formally warns the Court regarding abuses of discretion, political motivation, and historical amnesia regarding the devastating impact of foreclosure abuse in America.

## I. THE COURT'S DENIAL OF TRO IS FACTUALLY INCORRECT

The Court's order claimed Plaintiff failed to show irreparable harm or imminent threat of foreclosure. This is objectively false and deeply troubling.

Plaintiff received a Notice of Default and Intent to Accelerate dated April 8, 2025, from SN Servicing Corporation on behalf of U.S. Bank Trust National Association. The notice demanded $48,765.71 by May 13, 2025, or the loan would be accelerated, and foreclosure proceedings initiated. (See TRO Motion, Exhibit A).

This clearly satisfies the standard for imminent harm. Federal courts have repeatedly recognized that the loss of a home through foreclosure constitutes irreparable harm warranting injunctive relief.

## II. MORTGAGE SERVICER'S FRAUDULENT MODIFICATION

Defendants, powerful corporate mortgage servicers, distorted Plaintiff's mortgage terms:

- Original Mortgage:
    - Principal Balance: $298,984.00
    - Interest Rate: 4.25%
    - Monthly Principal and Interest: $1,470.82
- Proposed Modification:
    - Interest Rate: 6.00%
    - Monthly Payment: $2,785.25
    - Increase in Burden: $1,314.43 per month

This nearly doubled Plaintiff's monthly mortgage obligation, in clear violation of HUD's loss mitigation guidelines and standard mortgage servicing practices for FHA-insured loans.

Moreover, Stevie Wonder could see the difference in the numbers. The Defendants' conduct was not only predatory — it was deliberately intended to engineer default and foreclosure.

## III. EVIDENCE OF FHA LOAN AND REDACTED DOCUMENTS

Plaintiff submitted documentary proof showing:

- A partially redacted FHA Case Number
- A Deed of Trust reflecting FHA-insured terms
- Redacted documents that still confirmed the federally regulated nature of the mortgage

Rather than acknowledge this clear evidence, the Court chose to mischaracterize the facts, excusing corporate misconduct.

## IV. THE COURT'S ATTEMPT TO DISCREDIT PLAINTIFF'S EFFORTS

In perhaps the most disturbing development, this Court issued an unfounded Notice of Deficiency suggesting Plaintiff fabricated case law with the assistance of "Generative Artificial Intelligence," despite having no evidence to substantiate such an accusation.

The Court's notice itself sends a dangerous message — a message not only to Plaintiff, but to the Court's own staff, clerks, and peers: that a pro se litigant who dares to defend his constitutional rights using modern tools should be mocked, ridiculed, and falsely accused.

The Court should be ashamed of itself for maligning a citizen's good-faith efforts without first verifying facts. Citations such as Pruitt v. Deutsche Bank Nat'l Tr. Co., 2013 WL 789972 (N.D. Tex. Mar. 4, 2013) clearly exist. The Court's attempt to insinuate otherwise is a disgrace to the integrity of the judiciary.

This mockery not only insults Plaintiff — it diminishes the Court itself. It undermines public trust, it emboldens abusive corporate practices, and it signals to all watching that fairness is negotiable based on wealth and status.

If a judge is willing to manufacture doubt about a pro se litigant's research simply because he cannot immediately locate a citation, what confidence can the public have in that judge's impartiality or competence?

The judicial oath demands better. The Constitution demands better. Justice itself demands better.

## V. JUDICIAL BIAS, HISTORICAL AMNESIA, AND SYSTEMIC POWER IMBALANCES

This Court's behavior reflects not only personal bias but an appalling ignorance of recent American history.

The 2005-2008 Foreclosure Crisis was driven by exactly the kind of corporate misconduct seen here — fraudulent loan modifications, predatory servicing practices, and judicial rubber-stamping of corporate abuses.

According to the Federal Reserve and HUD:

- Over 10 million American families lost their homes between 2006 and 2014.
- Minority homeowners, particularly Black and Latino families, were disproportionately affected.
- Texas was among the top five states hardest hit by foreclosure filings.

Plaintiff is one man. Defendants are multi-billion dollar corporations with endless legal resources. If this Court cannot see the injustice of siding against a citizen fighting for his home against three giant entities, history will judge this Court harshly.

## VI. DEMAND FOR SPECIFICITY AND ACCOUNTABILITY

Plaintiff demands:

- Identification of every citation alleged to be unverifiable;
- Proof of research methods used by the Court to claim such unverifiability;
- Immediate withdrawal of any false accusations if proof cannot be produced.

Justice demands that judges act with integrity, not innuendo.

## VII. WARNING TO THE COURT

The Plaintiff further states that there is no one who would be harmed by the granting of Plaintiff's Temporary Restraining Order (TRO). If this Court were acting fairly and impartially, it would have already signed the TRO, thereby ensuring that Defendants would detest any foreclosure proceedings until the merits of the case could be fully and fairly adjudicated. Plaintiff feels as if he has been invited into a rally where he alone is without a white sheet and hood over his head, a painful metaphor for the exclusion, bias, and prejudice that Plaintiff now perceives in these proceedings. In light of this disturbing environment, Plaintiff hereby notifies this Court that he will be seeking immediate relief from the Fifth Circuit Court of Appeals if this injustice is allowed to continue.

Plaintiff hereby formally warns this Court:

- If this case is dismissed without full and fair adjudication based on procedural attacks rather than the merits, Plaintiff will immediately appeal to the Fifth Circuit;
- If this Court continues to exhibit bias, political motivation, or racial animus, Plaintiff will file a formal judicial misconduct complaint;
- The public deserves to know if justice is being denied to an American citizen trying to save his home.

History will not be kind to judges who stand on the wrong side of justice.

## VIII. ADDITIONAL OBJECTION: SYSTEMIC FAILURE AND JUDICIAL ACCOUNTABILITY

The Plaintiff respectfully submits that this Court's conduct thus far represents a systemic failure of the judiciary to uphold the principles of fairness, impartiality, and equal protection under the law. It is a dark day for the justice system when a pro se litigant, armed only with truth and perseverance, is mocked, ridiculed, and subjected to fabricated accusations rather than having his evidence fairly weighed.

It should never be forgotten that courts exist not to serve powerful corporations, but to safeguard the rights of every citizen, particularly the most vulnerable. When a court acts to insulate financial giants from accountability while obstructing the pleas of a homeowner on the brink of losing everything, it commits an offense not only against the individual but against the ideals of the Constitution itself.

The Court's suspicion toward Plaintiff's legal research, absent any proof, is not just insulting—it is a judicial breach. The weaponization of unfounded "AI" accusations against a citizen struggling to navigate the complex legal system without formal training sends a chilling message: that courage, diligence, and self-advocacy will be punished, not applauded. Such a message tears at the very foundation of public confidence in the courts.

Worse yet, by denying emergency relief in the face of a clear foreclosure threat, this Court has signaled that economic violence against struggling homeowners is acceptable. Plaintiff stands in the same line of fire that claimed millions of American homes during the foreclosure crisis—a crisis built on lies, greed, and a lack of judicial courage.

This Court now faces a stark choice: stand on the side of justice, or reinforce a system of oppression that history will one day condemn. Plaintiff will not shrink from naming this injustice for what it is. He will not allow procedural smokescreens or judicial hubris to obscure the real harm being inflicted here.

Every day this Court delays granting the TRO, Plaintiff's home remains in peril. Every baseless accusation, every mischaracterization of Plaintiff's pleadings, deepens the stain on these proceedings. It must stop. It must stop now.

## IX. ADDITIONAL OBJECTION: LEGITIMACY OF MODERN LEGAL RESEARCH AND JUDICIAL MISCONDUCT

The Plaintiff further notes that the United States of America itself has embraced the responsible and ethical use of technological advancements, including Artificial Intelligence (AI) tools, in professional and governmental functions. The President of the United States, alongside multiple federal administrations, has acknowledged that modern AI-assisted research—including platforms used by attorneys such as LexisNexis, CaseText, Westlaw, and others—is a legitimate, credible, and powerful component of legal practice.

AI integration into legal research has been recognized across five successive presidential administrations, including appointments made by President Donald J. Trump, which continue to bolster and support the evolution of legal and technological innovation within the judiciary and the broader legal profession.

It is therefore beyond comprehension that this Court would seek to mock, penalize, or delegitimize the Plaintiff's diligent efforts to utilize the same modern research practices accepted and endorsed by the highest offices of this country. To imply that a pro se litigant's use of accessible, recognized legal research methods somehow constitutes misconduct or fabrication is not only absurd—it is reckless, prejudicial, and wholly unjust.

If federal agencies, academic institutions, law firms, and judicial education boards across the United States all recognize the legitimacy of AI-assisted research, then this Court's attempt to disparage Plaintiff's filings on that basis alone reflects a dangerous and isolated bias, unbecoming of any judicial officer.

The ridicule and unfounded suspicion directed toward Plaintiff is a stain not only on these proceedings but on the dignity of the judiciary itself. It suggests a willful blindness to reality, a hostility to innovation, and an unfair targeting of a citizen struggling to assert his basic rights.

Plaintiff respectfully demands that this Court reconsider its baseless attacks, acknowledge the evolving standards of professional practice, and correct the miscarriage of justice now unfolding.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Reconsider its denial of Plaintiff's Motion for TRO based on the overwhelming evidence of imminent foreclosure and mortgage fraud;
2. Immediately rescind or amend the Order and Notice of Deficiency [Dkt. No. 39] unless supported by specific, provable evidence;
3. Allow Plaintiff to amend his complaint if necessary to align with claims for injunctive relief;
4. Caution itself against further abuse of discretion, bias, or misconduct;
5. Preserve the integrity of these proceedings in accordance with the Constitution and the public interest;
6. Grant all other just relief to which Plaintiff may be entitled.

Respectfully submitted,

**/s/ Cedric Willis**
Cedric Willis, Pro Se
612 Griffith Park Trail
Alvarado, TX 76009
(817) 504-6141
cedricwillis49@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2025, a true and correct copy of the foregoing Plaintiff's Consolidated Motion was served upon all parties of record in accordance with the Federal Rules of

Civil Procedure by electronic service through the Court's CM/ECF system, and/or via first-class mail, postage prepaid, to the following:

**Counsel for U.S. Bank National Association, as Trustee, Igloo Series Trust:**
Patrick F. Taylor
McGlinchey Stafford PLLC
6688 North Central Expressway, Suite 400
Dallas, TX 75206
pftaylor@mcglinchey.com

**Counsel for LoanCare, LLC:**
Jacqueline P. Felton
Akerman LLP
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
jacqueline.felton@akerman.com

**Counsel for Security National Mortgage Company, Inc.:**
Megan C. Wolf
Barrett Daffin Frappier Turner & Engel, LLP
4004 Belt Line Road, Suite 100
Addison, TX 75001
meganw@bdfgroup.com

**/s/ Cedric Willis**
Cedric Willis, Pro Se
612 Griffith Park Trail
Alvarado, TX 76009
(817) 504-6141
cedricwillis49@yahoo.com

9