IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CEDRIC WILLIS** § | | |
| 612 GRIFFITH PARK TRL § | | |
| ALVARADO TX § | | |
| *Plaintiffs,* § | | |
| § | | |
| v. § | No. 3:25-cv-516-G-BN | |
| § | | |
| § | | |
| **U.S. BANK TRUST NATIONAL** § | | |
| **ASSOCIATION, AS TRUSTEE** § | | |
| **IGLOO SERIES VI TRUST,** § | | |
| **LOANCARE, LLC,** § | | |
| **SECURITY NATIONAL MORTGAGE** § | | |
| **COMPANY,** | | |
| *Defendants.* | | |

**PLAINTIFF'S MOTION TO DISCLOSE LIMITED USE OF TECHNOLOGY, TO CORRECT THE COURT'S MISCHARACTERIZATION, AND TO REQUEST A PUBLIC APOLOGY**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

COMES NOW, Plaintiff Cedric Willis, pro se, and respectfully files this Motion and in support thereof states as follows:

### I. DISCLOSURE OF LIMITED USE OF TECHNOLOGY

Plaintiff acknowledges that limited assistance from Generative Artificial Intelligence (AI) technology was employed in drafting documents. However, Plaintiff independently verified all case citations, legal arguments, and factual assertions through traditional methods including Westlaw, public court dockets, and manual verification.

At no time did Plaintiff rely solely on technology without ensuring accuracy as required by Federal Rule of Civil Procedure 11. Plaintiff discloses this limited use in accordance with Local Rule 7.2(f) and the Court's Orders.

### II. CORRECTION OF THE COURT'S FACTUAL ERROR

1

In a prior Order, the Court suggested that Plaintiff fabricated or hallucinated the existence of a cited case, specifically *Deutsche Bank National Trust Co. v. Pruitt*.

Plaintiff respectfully corrects the record:

- *Deutsche Bank National Trust Co. v. Pruitt*, Civil Action No. 3:14-cv-4221-G, is a real and verifiable case.
- It was filed in the United States District Court for the Northern District of Texas, Dallas Division—the same Court overseeing Plaintiff's present case.
- The case was presided over by United States Magistrate Judge Paul D. Stickney and Senior United States District Judge A. Joe Fish.
- Final judgment and orders, including an award of attorney's fees, were entered on August 27, 2015.
- Plaintiff's citation to this case was accurate, verifiable, and grounded in official judicial proceedings.

Plaintiff attaches Exhibit A (72 pages of case documents from the court's official record) and Exhibit B (Final Order by Senior Judge A. Joe Fish) to conclusively prove the case's existence, outcome, and relevance.

The Court's prior suggestion that Plaintiff fabricated or hallucinated the case was, respectfully, factually incorrect.

### III. REQUEST FOR FORMAL WRITTEN APOLOGY

Plaintiff respectfully requests that the Court:

1. Issue a formal written apology to Plaintiff for incorrectly suggesting dishonesty;
2. Publicly clarify that responsible, verified use of technological tools—when done properly—will not subject pro se litigants or counsel to ridicule, sanctions, or reputational harm;

3. Reaffirm that pro se litigants are entitled to respect, fairness, and the same presumption of good faith afforded to licensed counsel.

The Court's mistaken statement has caused reputational harm to Plaintiff and has broader chilling effects on the responsible use of technology in legal drafting, especially among pro se litigants who rely on accessible tools to participate in judicial proceedings.

Issuing an apology would correct the record, reinforce public trust in the fairness of these proceedings, and demonstrate that this Court supports the ethical and accurate use of technology while maintaining professional integrity.

## IV. PLAINTIFF'S GOOD FAITH

Plaintiff has consistently engaged in good faith efforts to present accurate and verified legal arguments. Plaintiff's submission of Exhibits A and B conclusively demonstrates that there was no hallucination, fabrication, or misconduct—only diligent, verified legal research and a sincere effort to advocate properly.

Plaintiff emphasizes that this request is made respectfully and with the utmost regard for the Court's authority but asserts his fundamental right to be treated fairly and accurately in all proceedings.

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court:

1. Accept this Disclosure of Limited Use of Technology pursuant to N.D. Tex. L. Civ. R. 7.2(f);
2. Correct the prior mischaracterization regarding Plaintiff's citation to *Deutsche Bank National Trust Co. v. Pruitt*;
3. Issue a formal, public written apology to Plaintiff and the broader public;

4. Accept into the record Plaintiff's attached Exhibits A and B demonstrating verified research and case authenticity;
5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
/s/ Cedric Willis
Cedric Willis, Pro Se
612 Griffith Park Trail
Alvarado, TX 76009
(817) 504-6141
cedricwillis49@yahoo.com

Dated: April 29, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2025, I served a true and correct copy of the foregoing Plaintiff's Motion, including attached Exhibits A and B, upon the following parties via the Court's CM/ECF electronic filing system and/or via email and first-class mail:

Via Email:
Clare V. Cougill and Scott Lloyd Luna
Robertson, Anschutz, Vetters, LLC
10375 Richmond Avenue, Suite 200
Houston, TX 77042
litigation@revdocs.com

David Talbot
Dinsmore & Shohl, LLP
600 Travis Street, Suite 350
Houston, TX 77002
David.Talbot@dinsmore.com

Via First-Class Mail:
George C. Scherer
GHIDOTTI | BERGER LLP
16801 Addison Road, Suite 350
Addison, TX 75001

/s/ Cedric Willis
Cedric Willis, Pro Se

4

5

Case 3:25-cv-00516-BN   Document 44   Filed 04/29/25   Page 5 of 5   PageID 388