IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEDRIC WILLIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:25-cv-516-BN |
| § | |
| U.S. BANK NATIONAL ASSOCIATION, § | |
| AS TRUSTEE, IGLOO SERIES TRUST; § | |
| LOANCARE LLC; and SECURITY § | |
| NATIONAL MORTGAGE COMPANY, § | |
| INC., § | |
| § | |
| Defendants. § | |

**ORDER GRANTING MOTION TO**
**VOLUNTARILY DISMISS DEFENDANT LOANCARE LLC**

This lawsuit is now proceeding before the undersigned United States magistrate judge for all purposes under 28 U.S.C. § 636(c). *See* Dkt. No. 25,

Plaintiff Cedric Willis noticed his voluntary dismissal of the claims against Defendant LoanCare LLC ("LoanCare") under Federal Rule of Civil Procedure 41(a)(1)(A)(i), *See* Dkt. No. 51.

Because LoanCare has answered, voluntary dismissal is only allowed under either Federal Rule of Civil Procedure 41(a)(1)(A)(ii) on "a stipulation of dismissal signed by all parties who have appeared" or under Federal Rule of Civil Procedure 41(a)(2) "by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(1)(a)(ii), (a)(2).

Voluntary dismissal by stipulation or by court order is presumptively without prejudice, unless the stipulation or order states otherwise. *See id.*

And the Fifth Circuit

> has explained that, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." And the mere fact that the plaintiff "may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice." The "purpose of the grant of discretion under Rule 41(a)(2) ... is primarily to prevent voluntary dismissals which unfairly affect the other side[.]" Absent such a showing or other "evidence of abuse by the movant," the motion should be granted.

*United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 196-97 (5th Cir. 2018) (citations omitted).

The Court ordered LoanCare to file, by June 13, 2025, a response to Willis's amended notice [Dkt. No. 51] – which the Court was willing to treat as a Rule 41(a)(2) request – or, alternatively, a stipulation of dismissal in compliance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See* Dkt. No. 52.

LoanCare did not so, but, on June 11, 2025, Willis filed a Motion to Dismiss Defendant LoanCare, LLC with Prejudice under Rule 41(a)(2). *See* Dkt. No. 53.

LoanCare did not file a response to that motion or Willis's amended notice or file a stipulation of dismissal.

Under the circumstances, the Court sees no reason not to grant Willis's Rule 41(a)(2) motion requesting that the Court enter an order dismissing Defendant LoanCare, LLC with prejudice.

And, so, under Rule 41(a)(2), the Court GRANTS Willis's motion [Dkt. No. 53] and orders that all claims asserted by Plaintiff Cedric Willis against Defendant LoanCare, LLC are DISMISSED WITH PREJUDICE, with Willis and LoanCare to each bear their own costs and attorneys' fees.

- 3 -

SO ORDERED.

DATED: June 16, 2025.

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE