IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEDRIC WILLIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:25-cv-516-BN |
| § | |
| U.S. BANK NATIONAL ASSOCIATION, § | |
| AS TRUSTEE, IGLOO SERIES TRUST; § | |
| LOANCARE LLC; and SECURITY § | |
| NATIONAL MORTGAGE COMPANY, § | |
| INC., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

This lawsuit is proceeding before the undersigned United States magistrate judge for all purposes under 28 U.S.C. § 636(c). *See* Dkt. No. 25.

The operative complaint is *pro se* Plaintiff Cedric Willis's first amended complaint [Dkt. No. 54-1] (the "FAC"), filed June 12, 2025, *see* Dkt. No. 52.

The FAC stands alone and does not refer to or otherwise incorporate Willis's original complaint, the petition filed in state court. So, as to the pleaded claims, the FAC "supersedes the original complaint and renders it of no legal effect." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (citation omitted).

Through the FAC, Willis names as defendants U.S. Bank Trust National Association as Trustee of LB-Treehouse Series VI Trust ("U.S. Bank"), Security National Mortgage Company ("Security National"), DHI Title Company of Texas ("DHI"), and Angelia Hudson, who Willis identifies as a real estate agent for Century 21 Judge Fite Company. *See* Dkt. No. 54-1.

And, against all Defendants, Willis brings claims under a federal statute – the Real Estate Settlement Procedures Act ("RESPA") – and Texas law – for fraudulent misrepresentation and negligence – generally based on these facts:

> In May 2021, Plaintiff applied for a first-time homebuyer grant through the Texas State Affordable Housing Corporation (TSAHC).
> Plaintiff was introduced to Angelia Hudson, a Century 21 Realtor, through the program. She assured Plaintiff the mortgage would be an [Federal Housing Administration, or FHA,] government-backed loan and guided him through the process.
> Hudson coordinated with Ryan Jones of Security National Mortgage Company (SNMC) and selected DHI Title Company of Texas to handle the closing.
> From May 2021 to January 2022, Hudson directed nearly every decision in the transaction and emphasized the benefits of the FHA loan structure.
> Plaintiff relied on Hudson's representations and signed closing documents indicating the presence of an FHA Case Number, confirming in writing the loan was FHA-backed.
> Plaintiff later became ill and temporarily disabled. He requested loss mitigation options and forbearance under the belief his loan had FHA protections.
> Loan servicing was rotated among Lakeview Loan Servicing, LoanCare, and SNMC. However, Plaintiff discovered multiple inconsistencies in loan treatment and classification.
> Despite over $32,000 in Homeowner Assistance Fund (HAF) payments being applied, Plaintiff received a Notice of Default from SN Servicing Corporation acting for U.S. Bank Trust, demanding over $48,000.
> SN Servicing and U.S. Bank offered a modification nearly doubling the original monthly mortgage payment, which Plaintiff could not afford.
> Plaintiff reached out to HUD and other government agencies, including the HUD National Servicing Center, to verify the FHA status of the loan.
> HUD confirmed no FHA Case Number was ever officially registered for Plaintiff's loan, even though one appeared on the closing documents. Thus, the loan was never an FHA loan.
> Plaintiff asserts that Angelia Hudson and DHI Title were involved in misrepresenting the loan product, resulting in denial of FHA relief, credit harm, and foreclosure threats.
> Plaintiff now brings this action for fraud, negligence, and

statutory violations based on these misrepresentations.

Dkt. No. 54-1 at 2-3.

U.S. Bank and Security National have moved to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 56 & 60.

U.S. Bank also moves the Court to expunge the lis pendens that Willis recorded in the Johnson County, Texas property records, asserting that Willis "cannot prevail as a matter of law and the recorded lis pendens is a cloud on title." Dkt. No. 56 at 20-21.

And U.S. Bank has moved for summary judgment. *See* Dkt. Nos. 63 & 64.

The parties have briefed these motions, and Willis has moved for leave to file supplemental evidence in response to U.S. Bank's summary judgment motion, *see* Dkt. No. 71.

For the following reasons, the Court grants the motions to dismiss and to expunge the lis pendens, denies as moot U.S. Bank's motion for summary judgment and Willis's motion for leave, and dismisses with prejudice the claims against U.S. Bank and Security National.

As to the remaining defendants named for the first time in the FAC – DHI and Hudson – (1) Willis has shown no efforts to serve these defendants, and, so his claims against them are subject to dismissal under Federal Rule of Civil Procedure 4(m), and (2) even if Willis has alleged, for example, a plausible state law negligence claim against either based on the facts set out above, Willis has not alleged a plausible claim under federal law, and the remaining parties are non-diverse.

And, so, the Court intends to dismiss with prejudice all but the state law

negligence claim against DHI and Hudson for the reasons set out below and will dismiss the negligence claim without prejudice under 28 U.S.C. § 1367(c).

This memorandum opinion and order provides notice to Willis of the Court's intention. And he may file a response by **March 24, 2026** to show why the Court should not do so. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

### Discussion

**I. The Court grants the Rule 12(b)(6) motions to dismiss.**

A motion under Rule 12(b)(6) is "not meant to resolve disputed facts or test the merits of a lawsuit" but "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Considering such a motion, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

But a plaintiff still must plead "enough facts to state a claim to relief that is plausible on its face" and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 555 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

So a court's "obligation [is] to accept [the] complaint's factual allegations as true and assess whether those facts permit a reasonable inference that [a defendant] is liable." *Sewell*, 974 F.3d at 581; *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions. So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause

of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

Summed up, "to survive" dismissal under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

Starting with RESPA, it "was enacted to protect consumers from unnecessarily high settlement charges and abusive mortgage practices," *Moreno v. Summit Mortg. Corp.*, 364 F.3d 574, 576 (5th Cir. 2004) (citing 12 U.S.C. § 2601), and "is a comprehensive federal act that 'ensures ... real estate consumers "are provided with greater and more timely information on the nature and costs of the settlement process [with lenders] and are protected from unnecessarily high settlement charges caused by certain abusive practices."'" *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 627 n.2 (5th Cir. 2014) (quoting *O'Sullivan v. Countrywide Home Loans, Inc.*, 319

F.3d 732, 738 (5th Cir. 2003) (quoting 12 U.S.C. § 2601(a))).

And, to his general background allegations, Willis adds that RESPA was violated in three ways: (1) a "fail[ure] to provide proper notices regarding servicing transfers"; (2) a "fail[ure] to apply [Homeowner Assistance Fund] funds properly" and (3) the "deni[al of] modification relief in bad faith." Dkt. No. 54-1 at 3.

But his assertions as to RESPA are mere conclusions that lack the factual development to allow the Court to assess whether these alleged violations are plausibly pleaded – or even count as violations of this statute.

And, even if they do count as violations, Willis has not offered facts from which the Court can infer that he suffered actual damages because of the alleged RESPA violations. *See Matter of Parker*, 655 F. App'x 993, 998 n.28 (5th Cir. 2016) (per curiam) ("The Parkers also have implicitly claimed a RESPA violation for not being notified of the assignment of rights of the original lender to Wells Fargo. The record here is silent on whether actual notice was sent to the Parkers. However, just like in *Hurd*, the Parkers' claim still fails for failure to show any facts 'giving rise to a reasonable inference that [they] suffered actual damages from the alleged violation of the RESPA.'" (quoting *Hurd v. BAC Home Loans Servicing*, 880 F. Supp. 2d 747, 768-69 (N.D. Tex. 2012))); *Williams v. Freedom Mortg. Corp.*, No. 3:22-cv-1973-N, 2023 WL 1806023, at *2 (N.D. Tex. Feb. 7, 2023) ("RESPA claims also require actual damages." (cleaned up)); *see also Kareem v. Am. Home Mortg. Servicing, Inc.*, 479 F. App'x 619, 620 (5th Cir. 2012) (per curiam) ("Kareem contends that the defendants violated the Real Estate Settlement Procedures Act by failing to notify him when

there was a change in his loan servicer. That statute requires a servicer to notify the borrower of an assignment, sale, or transfer of the servicing of the loan. 12 U.S.C. § 2605(b); *see* 24 C.F.R. § 3500.21(d)(1). Kareem points to no evidence that the defendants failed to comply with that requirement. Moreover, even if we assume that he did not receive the notice, he does not explain what actual damages he suffered. *See* § 2605(f)(1); § 3500.21(f)(1)(i).").

Next, Willis has not alleged plausible negligence claims against U.S. Bank and Security National where he specifies that his negligence theory is limited to "a duty of care in properly disclosing the nature of the loan and ensuring lawful conduct during the closing and title process." Dkt. No. 54-1 at 3. As set out above, Willis has not alleged that U.S. Bank was involved (or, if it was, how it was involved) in the closing. And, as to Security National, all Willis has alleged is that "Hudson coordinated with Ryan Jones of [Security National]." *Id.* at 2.

Under Texas law, the elements of a negligence claim are: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach. *See Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008); *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

And Willis fails to allege facts that could support any of these elements as to U.S. Bank and Security National. *Cf. Zimmerman v. First Am. Title Ins. Co.*, 790 S.W.2d 690, 694-95 (Tex. App. – Tyler 1990, writ denied) ("A title company may be liable for its negligence in closing a real estate transaction. The title insurance agent may not intentionally or recklessly deceive the parties to a real estate transaction.

An escrow agent is in a fiduciary relationship with the contracting parties. Among the obligations of the fiduciary are (1) the duty of the loyalty, (2) the duty to make a full disclosure, and (3) the duty to exercise a high degree of care to conserve the money and pay it only to those persons entitled to receive it." (citations omitted)).

Nor has Willis plausibly pleaded fraudulent misrepresentation claims against any defendant where his allegations do not meet the requirements of Federal Rule of Civil Procedure 9(b), which

> imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud. At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby – "the 'who, what, when, where, and how' of the fraud.

*Choe v. Bank of Am., N.A.*, No. 3:13-cv-120-D, 2013 WL 6159308, at \*4 (N.D. Tex. Nov. 25, 2013) (cleaned up); *cf. Lee v. Samsung Elecs. Am., Inc.*, 717 F. Supp. 3d 585, 591 (S.D. Tex. 2024) ("[T]he requirement of particularity in fraud pleadings is meant to provide defendants with fair notice of the claims, protect defendants from harm to reputation and goodwill arising from speculative pleadings, and preclude plaintiffs from bringing suit as a pretext for discovery in order to discover whether any fraud actually occurred." (quoting *Stevens v. Ford Motor Co.*, No. 2:18-CV-456, 2020 WL 12573279, at \*4 (S.D. Tex. Nov. 2, 2020) (citations omitted))).

In sum, Rules 12(b)(6) and 9(b) require that the Court dismiss the claims against U.S. Bank and Security National.

And, because Willis has still failed to allege a plausible cause of action against these defendants after being apprised of the deficiencies in his initial pleading and

allowed the chance to replead, the Court concludes that Willis has now alleged his "best case" against U.S. Bank and Security National and that further leave to amend need not be granted. *See, e.g.*, *Allen v. Navy Fed. Credit Union*, No. 3:24-cv-949-L-BN, 2025 WL 484818, at *13 (N.D. Tex. Feb. 13, 2025) ("Granting leave to amend … is not necessary when the plaintiff has pleaded his or her 'best case' after being apprised of pleading deficiencies. Likewise, a district court need not grant a motion to amend if doing so would be an exercise in futility." (citations omitted)).

So the Court dismisses Willis's claims against U.S. Bank and Security National with prejudice under Rule 12(b)(6) and therefore need not address U.S. Bank's summary judgment motion nor Willis's related motion for leave.

## II. The Court grants U.S. Bank's motion to expunge the lis pendens.

As to the U.S. Bank's request that the Court expunge the lis pendens that Willis recorded in the Johnson County, Texas property, *see* Dkt. No. 56 at 20-21, the Texas Supreme Court has explained that "[a] notice of lis pendens broadcasts 'to the world' the existence of ongoing litigation regarding ownership of the property" and that, "[w]hen the notice is properly filed, even a subsequent purchaser for value does not take the property free and clear," *Sommers for Alabama & Dunlavy, Ltd. v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 753 (Tex. 2017) (cleaned up).

And, so, "a lis pendens functions to provide constructive notice, avoid undue alienation of property, and facilitate an end to litigation." *Id.* (cleaned up).

"Texas state law controls the validity of a lis pendens in federal court." *Garza-Selcer v. 1600 Pac. Subtenant, LLC*, Civ. A. No. 3:15-cv-3791-N, 2016 WL 11474103, at *8 (N.D. Tex. Aug. 30, 2016) (citing 28 U.S.C. § 1964).

- 10 -

The Texas Property Code provides that, "during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property," a party may file a notice that the action is pending. TEX. PROP. CODE § 12.007(a).

"But by its plain terms, the lis pendens statute makes clear that the procedure is available only to 'a party to the action who is seeking affirmative relief.'" *U.S. Bank Nat'l Ass'n as Tr. to Bank of Am., Nat'l Ass'n v. Bates*, No. 21-11251, 2023 WL 187680, at *1 (5th Cir. Jan. 16, 2023) (quoting TEX. PROP. CODE § 12.007(a)).

"A lis pendens does not operate as a lien on property," and it "'operates only during the pendency of the lawsuits.'" *Pruitt v. Bank of N.Y. Mellon*, No. 3:15-cv-2359-L, 2015 WL 6157319, at *1 (N.D. Tex. Oct. 19, 2015) (first citing *In re Miller*, 433 S.W.3d 82, 85 (Tex. App. – Houston [1st Dist.] 2014, no pet.); then quoting *Berg v. Wilson*, 353 S.W.3d 166, 180 (Tex. App. – Texarkana 2011, pet. denied)).

And a "party to an action in connection with which a notice of lis pendens has been filed" may "apply to the court to expunge the notice." TEX. PROP. CODE § 12.0071(a). And the Court

> shall order the notice of lis pendens expunged if the court determines that: (1) the pleading on which the notice is based does not contain a real property claim; (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or (3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under [Texas Property Code §] 12.007(d).

TEX. PROP. CODE § 12.0071(c); *accord In re Huffines Retail Partners, L.P.*, 978 F.3d 128, 133 (5th Cir. 2020) (explaining that, "under current law, a party may seek to overturn a lis pendens based on either (1) the pleadings' failure adequately to assert

a 'real property claim,' or (2) failure to prove by a preponderance the 'probable validity of the real property claim.'" (quoting TEX. PROP. CODE § 12.0071(c))).

To establish that "the pleading on which the notice is based" contains "a real property claim" under Section 12.0071(c)(1), a claimant must "demonstrate that the underlying litigation is 'an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property.'" *In re Moreno*, NO. 14-14-00929-CV, 2015 WL 225049, at *2 (Tex. App. – Houston [14th Dist.] Jan. 15, 2015, orig. proceeding) (quoting TEX. PROP. CODE § 12.007(a)).

"A lis pendens notice is limited to situations where the title to the property is directly implicated by the results of the lawsuit." *Matter of Alabama & Dunlavy, Ltd.*, 983 F.3d 766, 778 (5th Cir. 2020). "In other words, the property against which the lis pendens is filed must be the subject matter of the underlying lawsuit." *Maniatis v. SLF IV – 114 Assemblage, L.P.*, No. 06-18-00061-CV, 2019 WL 1560680, at *4 (Tex. App. – Texarkana Apr. 11, 2019, rev. denied) (quoting *In re Collins*, 172 S.W.3d 287, 293 (Tex. App. – Fort Worth 2005, orig. proceeding)).

The United States Court of Appeals for the Fifth Circuit has explained that a court may "consider[ ] the pleadings alone" when determining whether "the pleading on which the notice is based" contains "a real property claim." *Huffines*, 978 F.3d at 133. And the Fifth Circuit held that a claim was not a "real property claim" where "the pleading d[id] not 'involve' [ ] actual titles to real property or the establishment of a direct interest in real property" and did "not pray for the real property titles to

be transferred to them" and where a claim for specific performance of "contracts for entities that own real property is not specific performance of a contract for deed or specific performance to transfer deeds or specific performance to recognize ownership of real property subject to a title dispute." *Id.* (cleaned up).

The Fifth Circuit also explained that, under Texas law, where a claim that does "not 'involve' title to real property and instead implicate[s] the real property only 'collaterally,'" "notices of lis pendens [have been] held void or impermissible." Id. (cleaned up). And the Fifth Circuit noted that a Texas court had held that a "lis pendens is void" where the "claims pled would only address an interest in the partnership, [and] [a]n interest in the partnership is distinct from an interest in real estate which may be owned by the partnership." *Id.* (cleaned up).

And, even if the Court determines that the claimant pleaded a real property claim, the Court must expunge the lis pendens if the claimant fails to establish "the probable validity of its claim by a preponderance of the evidence." *In re I-10 Poorman Invs., Inc.*, 549 S.W.3d 614, 617 (Tex. App. – Houston [1st Dist.] 2017, orig. proceeding) (citation omitted).

As U.S. Bank explains, Willis filed the lis pendens notice on March 20, 2025, *see* Dkt. No. 56 at 20-21, so the Court must examine the original petition filed in state court (even though Willis later amended his claims after removal to federal court), *see, e.g.*, *Park v. Fox*, No. 3:24-cv-402-S-BN, 2024 WL 899392, at *4 (N.D. Tex. Feb. 25, 2024) ("Plaintiff's Amended Original Petition – and not any amended complaint that Park may file now or later in this Court – is the pleading on which the notice of

lis pendens is based and to which the Court must look for purposes of Texas Property Code § 12.0071(c)(1). And that is because Plaintiff's Amended Original Petition was Park's live pleading at the time he filed his notice of lis pendens." (cleaned up)), *rec. accepted*, 2024 WL 899394 (N.D. Tex. Feb. 29, 2024).

That pleading [Dkt. No. 1-4 at 10-17], filed January 23, 2025, asserts claims for breach of contract, violations of the RESPA and the Fair Housing Act, negligence, and fraud and misrepresentation, and it only seeks compensatory and punitive damages, attorneys' fees, and that Defendants be ordered "to correct all reporting to credit bureau regarding Plaintiff's mortgage loan," *id.* at 13 & 15.

And, so, applying the standards set out above, the pleading did not implicate a real property claim. *See also, e.g., Pelletier Mgmt. & Consulting, LLC v. InterBank*, No. 6:21-CV-00022, 2022 WL 614917, at *3 (S.D. Tex. Mar. 2, 2022) ("The pleading on which the notices are based is the Original Petition. And the Original Petition asserts two claims: breach of contract and negligent misrepresentation. Neither of those claims involve 'actual titles to real property or the establishment of a direct interest in real property.' Nor does PMC 'pray for the real property titles to be transferred to it.' Instead, PMC seeks money damages arising out of the alleged breach of a promise to provide a permanent loan after meeting the terms of a forbearance agreement. This is insufficient." (cleaned up; quoting Huffines, 978 F.3d at 133)).

### III. The Court intends to, on its own motion, dismiss the claims against DHI and Hudson but will allow Willis an opportunity to respond to show why the Court should not.

The Court's subject matter jurisdiction turns solely on the existence of a federal

cause of action (under RESPA) that, for the reasons set out above, should be dismissed against all defendants as not plausibly pleaded.

After that, there will no longer be an "independent basis of subject matter jurisdiction" to allow for supplemental jurisdiction under 28 U.S.C. § 1367 to the extent that Willis has alleged a plausible negligence claim under Texas law related to the closing (against DHI and Hudson). *Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at *2 (5th Cir. Mar. 28, 2023) (per curiam) (citing *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214 (5th Cir. 2012)).

What's more, Willis has not shown that he has attempted to serve DHI and Hudson, defendants first named in the FAC filed on June 12, 2025. *See Deutsche Bank Nat'l Tr. Co. as Tr. for Argent Sec. Inc., Asset-Backed Pass-Through Certificates, Series 2006-W5 v. Morris*, 350 F.R.D. 367, 369 (N.D. Tex. 2025) ("[P]ersonal service of the summons and complaint is not required in order to serve an amended complaint only once a party has already appeared in the litigation." (cleaned up)).

This deficiency also means that the claims against DHI and Hudson are subject to dismissal under Federal Rule of Civil Procedure 4(m). *See Epley v. Luong*, No. 23-40038, 2023 WL 8595674, at *2 (5th Cir. Dec. 12, 2023) (per curiam) ("A district court must dismiss a complaint without prejudice under Rule 4(m) if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure. A district court enjoys broad discretion in determining whether to dismiss an action for ineffective service of process. Good cause requires proof of at least excusable neglect – simple inadvertence, mistake of counsel, or ignorance of the

rules usually does not suffice. The plaintiff must provide some showing of good faith and some reasonable basis for noncompliance with the court's deadline. The plaintiff should also show due diligence in attempting to perfect service." (cleaned up)).

Under these circumstances, a balance of the applicable factors favors relinquishing jurisdiction over the remaining state law negligence claims against DHI and Hudson. *See* 28 U.S.C. § 1367(c); *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

So, in sum, the Court notifies Willis that – on its own motion and so sooner than **March 24, 2026** – the Court will dismiss with prejudice the RESPA and fraudulent misrepresentation claims against DHI and Hudson for the reasons set out above and will dismiss without prejudice the negligence claim against them.

But the Court will allow Willis an opportunity to respond to show why the Court should not take these actions.

## Conclusion

The Court GRANTS Defendants U.S. Bank Trust National Association as Trustee of LB-Treehouse Series VI Trust's ("U.S. Bank") and Security National Mortgage Company's motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) [Dkt. Nos. 56 & 60], DENIES AS MOOT U.S. Bank's motion for summary judgment [Dkt. No. 63] and Plaintiff Cedric Willis's motion to supplement [Dkt. No. 71].

The Court also GRANTS U.S. Bank's motion to expunge the lis pendens [Dkt. No. 56].

The Court will, on its own motion, DISMISS WITH PREJUDICE the Real Estate Settlement Procedures Act and Texas fraudulent misrepresentation claims against Defendants DHI Title Company of Texas ("DHI") and Angelia Hudson and DISMISS WITHOUT PREJUDICE the Texas negligence claim against DHI and Hudson unless Willis shows why the Court should not.

And the Court will enter a separate judgment under either Federal Rule of Civil Procedure 54(b) or 58 after Willis responds as to DHI and Hudson or his deadline to do so expires.

SO ORDERED.

DATE: March 10, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE