IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDRIC WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-516-BN |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| AS TRUSTEE, IGLOO SERIES TRUST; | § | |
| LOANCARE LLC; and SECURITY | § | |
| NATIONAL MORTGAGE COMPANY, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

### ORDER AS TO LEAVE TO APPEAL *IN FORMA PAUPERIS*

In this lawsuit proceeding before the undersigned United States magistrate judge for all purposes under 28 U.S.C. § 636(c), *see* Dkt. No. 25, the Court entered a memorandum opinion and order on March 10, 2026 that (1) granted Defendants U.S. Bank Trust National Association as Trustee of LB-Treehouse Series VI Trust's ("U.S. Bank") and Security National Mortgage Company's motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) [Dkt. Nos. 56 & 60], (2) denied as moot U.S. Bank's motion for summary judgment [Dkt. No. 63] and Plaintiff Cedric Willis's motion to supplement [Dkt. No. 71], (3) granted U.S. Bank's motion to expunge the lis pendens [Dkt. No. 56], and (4) notified Willis that the Court will, on its own motion, dismiss with prejudice the Real Estate Settlement Procedures Act and Texas fraudulent misrepresentation claims against Defendants DHI Title Company of Texas ("DHI") and Angelia Hudson and dismiss without prejudice the Texas negligence claim against DHI and Hudson unless Willis shows why the Court should not by March 24,

2026. *See* Dkt. No. 72.

Willis moved for reconsideration of the March 10, 2026 memorandum opinion and order and for leave to file a second amended complaint but did not provide persuasive reasons why the Court should not *sua sponte* dismiss the claims against DHI and Hudson. *See* Dkt. No. 73.

The Court then denied Willis's request for reconsideration and his untimely motion for leave to amend [Dkt. No. 74] and entered a final judgment on March 26, 2026 [Dkt. No. 75].

Willis filed a notice of appeal on April 6, 2026. *See* Dkt. No. 76.

And, on April 16, 2026, he submitted a financial affidavit through a form that appears to be used in state court. *See* Dkt. No. 77.

To the extent that the April 16 submission should be construed as a motion for leave to appeal *in forma pauperis* ("IFP"), the Court DENIES the construed IFP motion [Dkt. No. 45] and CERTIFIES under 28 U.S.C. § 1915(a)(3) and for the reasons set out in the March 10 memorandum opinion and order [Dkt. No. 72] and the March 27 order [Dkt. No. 74] that the appeal is not taken in good faith, *see Champluvier v. Couch*, 309 F. App'x 902, 903 (5th Cir. 2009) (per curiam) ("In both prisoner and nonprisoner litigation, a district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification." (citations omitted)).

But Willis may challenge this finding under *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed IFP on appeal with the Clerk of the

Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order.

    SO ORDERED.

    DATED: April 20, 2026

    DAVID L. HORAN
    UNITED STATES MAGISTRATE JUDGE